IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER GOODVINE,

                  Plaintiff,

v.

WILLIAM SWIEKATOWSKI, SARAH COOPER, CHAPLAIN M. DONOVAN, DENNIS MOSHER, WILLIAM POLLARD, PETER ERICKSEN, MICHAEL MOHR, TOM GOZINSKE, RICK RAEMISCH, JOHN BETT, DAN WESTFIELD, MATTHEW FRANK, TIMOTHY LUNDQUIST and DEPARTMENT OF CORRECTIONS,

                  Defendants.

ORDER

08-cv-702-bbc

---

      Plaintiff Christopher Goodvine has filed a motion under Fed. R. Civ. P. 37 to compel defendants to respond to a number of his discovery requests. Dkt. 15. Because the reasonableness of those requests is related to the scope of his lawsuit, I will begin by summarizing his claims. He contends that defendants violated his rights under the Constitution and the Religious Land Use and Institutionalized Persons Act by refusing to do the following from 2007 to the present:

-    allow him to keep a number of sacred Muslim texts in his cell because he has exceeded the limits on publications for prisoners like him housed in segregation;

-    provide him with a Qur'an even though they provide Bibles to Christian prisoners;

-    allow him to order his own Qur'an;

- provide him with a halal diet;

- accommodate a religious fast by giving him sandwiches at night even though they accommodate fasts of Christian prisoners;

- determine the proper direction for Muslims to pray even though they assist Christian prisoners in following their religious obligations, such as by researching liturgical holidays.

For the reasons discussed below, I am granting plaintiff's motion to compel defendants to either admit or deny requests for admissions ##3, 10 , 14 and 17, to respond to request for admission #4 as reworded in interrogatory form, to respond to interrogatory #7, to produce a list of the books currently in the chapel library in the Muslim section, to inspect and copy his religious texts while he is using the law library and to inform the court whether there is an alternative method for plaintiff to use to contact the inmates that are currently listed as Muslims other than writing to each of them by first class mail.  I am denying plaintiff's motion to compel discovery in all other respects.

A.  **Interrogatories**

Plaintiff moves to compel defendant Donovan to respond to interrogatories ## 1-3 and 7.  In interrogatory #1 plaintiff requests the names, numbers and current addresses of the prisoners responsible for "maintaining, managing, running or otherwise distributing" books to inmates requesting materials from the Islamic section/Muslim resources in the chapel library from April 2, 2007 through November 2, 2007 and from March through August 2008.

2

Although defendant Donovan objects to this response for security reasons, he states also that he has no records from which he can obtain this information. Although plaintiff is not satisfied with this response, Donovan cannot provide information he does not have. Plaintiff's motion to compel defendant Donovan's response to this interrogatory will be denied.

In interrogatory #2 plaintiff asks, "What is the process by which an inmate in general population borrows books from the Chapel library?" In interrogatory #3, plaintiff asks, "How do you record what books you have in the library and those that are currently being used by prisoners?" Defendant Donovan objects to this interrogatory on the ground that this information is not relevant to the issues in this case. Plaintiff argues that if he had this information he could then (1) discover what prisoners used the library; and (2) ask those prisoners whether they noticed any soft-covered copies of the Qur'an in the library. However, even if plaintiff were to obtain the information concerning the "process" for borrowing books and recording the books that are borrowed, he fails to explain how that would help him learn the identities of prisoners who use that process. Plaintiff's motion to compel defendant Donovan to answer these interrogatories will be denied.

In interrogatory #7, plaintiff requests the identity of any person who claims to know facts relevant to the conduct described in these interrogatories. Defendants object on the grounds that the request is vague, ambiguous, overly broad and overly burdensome. I understand plaintiff to be asking for the names of the individuals who provided the information used to prepare the responses to the interrogatories. Stated this way, the request is a reasonable one and I will direct defendants to comply with it.

## B. Admissions

Plaintiff moves to compel defendants to deny or admit his requests for admissions ## 3-4, 10, 14 and 17. Request for admission #3 asks that defendant Donovan "Admit that during the period - April 2007 thru August 2008 there were one or more soft-covered Arabic or Arabic/English Qur'ans available for use from your Chapel/Chapel library." Defendant Donovan responds that he cannot admit or deny this allegation because records do not exist showing "every point" in time that a Qur'an was available in the chapel library. However, Donovan suggests that he could respond to the request in an altered form. Accordingly, I will compel Donovan to inform plaintiff of any time of which he is aware from April 2007 through August 2008 when a paperback Qur'an was available for use in the chapel or chapel library.

Defendant Donovan objects to admission #4, which asks him to admit the number of Qur'ans the chapel either purchased or had donated to it. Defendant is correct that this is not a proper request for admission because it asks for a number of books rather than asking him to admit or deny a certain number. However, the request is unambiguous and would be proper if reworded as an interrogatory rather than a request to admit. Plaintiff has not used all of his 25 interrogatories under Fed. R. Civ. P. 33(a)(1), so the form of plaintiff's request is an oversight rather than an attempt to circumvent discovery limits. Accordingly, I will direct to defendants to respond to this request in the form of an interrogatory.

In his request for admission #10 plaintiff requests defendant Swiekatowski to admit the items that prisoners, except those with special restrictions, in the segregation building are

4

allowed to possess.  Defendant Donovan objects to the admission as vague because of the term "with special restrictions."  As plaintiff points out, Donovan did not object to a similar phrase in request for admission #9.  I agree with plaintiff that defendant can either admit or deny this request for admission.  If he wishes, Donovan may clarify in his response that he understands "special restrictions" to mean "special *medical or security* restrictions" as stated in request for admission #9.

In his request for admission #14, plaintiff asks defendant Swiekatowski to admit that prisoners clog their toilets and cover their window with clothing, bedding, paper and towels.  Swiekatowski objects on the grounds that the request is not relevant to any issues in this action and is vague and ambiguous.  Plaintiff says he believes it is relevant because defendants are likely to argue at summary judgment or trial that providing plaintiff with extra religious texts will create security concerns because they can be used to cover windows and clog toilets.  Thus, plaintiff may attempt to rebut this argument by showing that items other than texts may be misused in similar ways.  Although it is likely that this court could take judicial notice of the fact that prisoners may misuse these items, I see little reason to prohibit plaintiff from receiving a definitive answer from defendants.

In request #17 plaintiff requests that all defendants admit that they were aware "that no government could substantially burden a prisoner religious exercise unless there was a compelling government interest and that the imposition of that burden was the least restrictive means of furthering that compelling government interest."  Defendants argue that the request is improper under Fed. R. Civ. P. 36, but the rule allows requests regarding "the application of law to fact." Plaintiff's request is simply whether defendants are aware of the basic standard under RLUIPA.

5

It would be highly surprising if the answer to that is "no" for any of them. Although defendants' legal knowledge or ignorance likely would be irrelevant to determining their liability, it could be relevant to a showing of willfulness for the purpose of damages. I will direct defendants to respond.

**C. Production of Documents**

In his request for production of documents #2 plaintiff requests from defendants a copy of the GBCI handbook for inmates that was distributed to inmates in the time period April 2007 to November 2007. Defendants object because this handbook is for inmates housed in general population and plaintiff was housed in segregation. In his brief plaintiff has not shown how the production of this document would likely lead to admissible evidence.

In his request for production of documents ##3 and 4 plaintiff is requesting chapel and chapel library procedures and the list of books maintained at the chapel library for Muslims during the periods April through November 2007 and March through August 2008. Defendants object to these requests but then respond that no such documents exist. Defendants response that no such documents exist is adequate.

In plaintiff's request for production of documents #11, he asks to be permitted to enter the chapel library and personally examine the number of books in the Muslim section and the number of Qur'ans. Peter Ericksen, the security director at GBCI, has submitted an affidavit in support of defendants' objection stating that allowing plaintiff to enter the chapel library would compromise the safety and security of the institution. Defendants also argue that the information plaintiff seeks is only minimally relevant because the materials currently in the

6

library would not be the same as those in the library at the time material to plaintiff's allegations. I will not require defendants to allow plaintiff to enter the library. However, I will require defendants to produce a list of the books <u>currently</u> in the chapel library in the Muslim section, including the number of Qur'ans. Although the current list of books may have limited usefulness for plaintiff, it may provide circumstantial evidence of the books that were included in the library during the relevant time.

In his request for production of documents #12, plaintiff asks to be permitted to enter the chapel at the time of the Muslim service and interview the participants concerning the presence of Qur'ans during the time periods April through November 2007 and March through August 2008. This is not a request for production of documents under Fed. R. Civ. P. 34 and plaintiff identifies no other rule that would require defendants to comply with such a request. In any event, plaintiff could not submit prisoner interviews as evidence at summary judgment or trial because interviews are hearsay under Fed. R. Evid. 801 and 802. If plaintiff wishes to use statements of prisoners to support his position at summary judgment, he will have to ask those prisoners to provide declarations in accordance with 28 U.S.C. § 1746.

Plaintiff's final request for production of documents, # 13, is for the names, numbers and location of GBCI prisoners who are currently listed as Muslims by their 1090 forms. Defendants state that plaintiff is not entitled to the inmates' numbers but they have provided a list of the names without inmate numbers or location. Because plaintiff is indigent, he claims that it would be difficult for him to write to these inmates and that it would be easier for him to interview the participants in the Muslim service. As an alternative plaintiff suggests that he be allowed to

distribute a memorandum to all the inmates on the list. Defendants do not comment on this suggestion. Accordingly, I will require defendants to inform the court whether there is an method other than plaintiff writing to the inmates by first class mail, such as inter-institution mail or plaintiff's suggested memorandum, that plaintiff can use to contact these inmates without having their inmate numbers and without incurring postage costs.

### D.  Access to Texts

Plaintiff asks that he be granted access to four religious texts: *The Reliance of Traveler -A Classical Manual of Sacred Law; Invocations of the Shadhili Order; The Shadhili Tariqah* and *Hisnul Hasin*. He says he needs these texts to help him prove what he needs to do in order to practice his religion. (Although it is not completely clear, it appears from plaintiff's request and defendants response that these texts are in plaintiff's stored property.) Defendants do not deny that these texts may be relevant to prove his claim; they say only that plaintiff is not allowed to have these texts while he is housed in segregation. Defendants need not violate prison rules in order to accommodate plaintiff's request. Rather than allow plaintiff to keep these books in his cell, they may allow plaintiff to review them and make any necessary copies when he is working on this case in the prison law library.

Finally, plaintiff asks that he be allowed extra time in the law library. This request will be denied, both because it is outside the scope of plaintiff's discovery requests and because he has not supported his view that he needs more time.

ORDER

IT IS ORDERED that:

(1) Plaintiff's motion to compel, dkt. 15, is GRANTED in the following respects:

- defendants are directed to inform plaintiff of the names of the individuals who provided information used in preparing their responses to the interrogatories;

- defendant Donovan is directed to inform plaintiff of any time of which he is aware from April 2007 through August 2008 when a paperback Qur'an was available for use in the chapel or chapel library;

- defendant Donovan is directed to inform plaintiff of the number of Qur'ans the chapel either purchased or had donated to it.;

- defendant Swiekatowski is directed to admit or deny requests for admission ## 10, 14 and 17;

- defendants are directed to provide a list of the books currently in the chapel library in the Muslim section;

- defendants are directed to allow plaintiff to inspect and copy as necessary the four religious texts discussed in this opinion while he is using the prison law library; plaintiff must comply with any procedural requirements that prisoners at his institution must follow in other circumstances when requesting use of a book during law library time.

(2) Defendants may have until July 6, 2009 to produce the information identified in paragraph 1.

(3) Defendants may have until June 24, 2009 to show cause why plaintiff may not contact the prisoners on the list provided in response to request for production #13 using intra-institution mail.

(4) Plaintiff's motion to compel is DENIED in all other respects.

Entered this 18th day of June, 2009.

                BY THE COURT:

                /s/

                STEPHEN L. CROCKER
                Magistrate Judge