IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER GOODVINE,

               Plaintiff,                             ORDER

      v.                                          08-cv-702-bbc

WILLIAM SWIEKATOWSKI,
SARAH COOPER, CHAPLAIN M.
DONOVAN, DENNIS MOSHER,
WARDEN POLLARD, PETER ERICKSEN,
MICHAEL MOHR, TOM GOZINSKE,
RICK RAEMISCH, JOHN BETT,
DAN WESTFIELD, MATTHEW FRANK,
TIMOTHY LUNDQUIST and DEPARTMENT OF
CORRECTIONS,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case is proceeding on plaintiff Christopher Goodvine's claims that defendants violated his rights under the Constitution and the Religious Land Use and Institutionalized Persons Act in various ways. Now before the court is plaintiff Christopher Goodvine's second motion to compel defendants to respond to a number of his discovery requests and his request for sanctions. Dkt. #33. For the reasons discussed below, I am granting

1

plaintiff's motion to compel defendants to answer his second set of interrogatories, nos. 1-4, but I am denying plaintiff's motion to compel responses to his requests for admission and production of documents and his motion to sanction defendants.

## A. Interrogatories

In his second set of interrogatories, plaintiff asks defendants to state whether other alternatives were considered before imposition of the one soft cover religious text policy of DOC 309 IMP 6A (Interrogatory No. 1). Interrogatories Nos. 2-4 also ask about the implementation of the procedure. Defendants respond that, because they had no personal involvement in the drafting of the procedure, they do not know whether other alternatives were considered. However, as plaintiff points out, he was allowed to proceed against the Wisconsin Department of Corrections and these interrogatories concern a relevant department procedure. Therefore, I will compel defendants to respond to plaintiff's second set of interrogatories, nos. 1-4, as they concern DOC 309 IMP 6A and the Addendum, "Religious Property Chart" dated April 2007.

## B. Requests For Admission

Plaintiff's motion to compel will be denied with respect to his requests for admission. There is some confusion in Request #3 as to the time frame of the request. Defendant

2

Donovan has agreed to supplement his response to this request with the corrected date of 2008. In requests 5,6 and 7 plaintiff asks defendant Donovan to admit that he provided certain religious items to certain inmates. Donovan responds that he does not remember whether he provided these items and he does not maintain records showing what he does and does not provide. Plaintiff cannot force Donovan to admit something he does not know. If plaintiff believes that the prisoners he names in his requests would have a better recollection, he is free to ask those prisoners to provide a truthful declaration.

In request for admission no. 9, plaintiff asks defendants Westfield, Bett, Frank and Raemisch to admit that they were aware of the Internal Management Policies prohibiting prisoners in segregation from having more than one soft-covered religious text. Defendants object on the ground that the meaning of "Internal Management Policies" is not clear. However, they agree to supplement their response with plaintiff's clarification that he is referring to DOC 309 IMP 6A and the Addendum. Thus, plaintiff's motion to compel a response to that admission will be denied as unnecessary.

## C. Requests For Production of Documents

In his second request for production of documents, plaintiff requests defendants to produce a copy of all inmate complaints he submitted concerning the claims in this lawsuit. (Request No. 3). Defendants object to this request on the ground that it is vague. However,

3

they agree to "produce any inmate complaint Goodvine identifies from his Inmate Complaint History Report within 2 working days after he informs Cathy Francois with this information." That report was to provided to plaintiff as part of defendants' response to his motion to compel. Accordingly, his motion to compel production of the inmate complaints will be denied without prejudice to allow him to take advantage of defendant's proposal.

Plaintiff also asks defendants to produce correspondence logs maintained by defendant Pollard and Michael Baenen. (Request No. 4). As plaintiff concedes, Pollard's correspondence log has been provided to him for inspection and copying. Defendants represent that no correspondence log for Baenen exists. Because plaintiff has been provided the documents for inspection and copying that exist, his motion to compel the production of documents will be denied as moot.

### D.  Request for Sanctions

Plaintiff requests sanctions because defendants failed to comply with Magistrate Judge Stephen Crocker's June 18, 2009 order. In that order, the magistrate judge directed defendants to allow plaintiff to inspect and copy four specific religious texts and to provide him with the list of books currently in the library by July 6. Defendants provided the list of books to plaintiff several days late, but plaintiff has not shown he was prejudiced by that delay.

4

With respect to the religious texts, defendants concede that they not have not yet produced those to plaintiff for inspection and copying. They must do so now. In the future, if defendants are unable to comply with a court-imposed discovery deadline, they should seek an extension of time from the court rather than wait for plaintiff to file a motion to compel.

ORDER

IT IS ORDERED that:

(1) Plaintiff's motion to compel defendants to respond to interrogatories nos. 1-4 of his second set of interrogatories is GRANTED.

(2) Plaintiff's motion to compel defendants to respond to plaintiff's second requests for admissions (nos. 3, 5, 6, and 7) is DENIED.

(3) Plaintiff's motion to compel his second request for production of documents (Nos. 3 and 4) is DENIED as moot.

(4) Plaintiff's request for sanctions is DENIED. Defendants may have until August 12, 2009 to produce for plaintiff's inspection and copying the following books: <u>The Reliance of Traveler -A Classical Manual of Sacred Law</u>; <u>Invocations of the Shadhili Order</u>; <u>The</u>

5

<u>Shadhili Tariqah</u> and <u>Hisnul Hasin</u>

Entered this 5th day of August, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

6