IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER GOODVINE,

                         Plaintiff,                                ORDER

                      v.                                 08-cv-702-bbc

WILLIAM SWIEKATOWSKI, SARAH COOPER,
CHAPLAIN M. DONOVAN,WARDEN POLLARD,
PETER ERICKSEN,MICHAEL MOHR,
TOM GOZINSKE, RICK RAEMISCH,
JOHN BETT, DAN WESTFIELD,
MATTHEW FRANK, TIMOTHY LUNDQUIST
and DEPARTMENT OF CORRECTIONS,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Three claims remain in this prisoner civil rights case brought under 42 U.S.C. § 1983

and the Religious Land Use and Institutionalized Persons Act:

> (1) defendants Swiekatowski, Cooper, Mohr, Pollard, Gozinske, Raemisch, Bett, Westfield, Ericksen and Frank allegedly violated plaintiff Christopher Goosvine's rights under RLUIPA by refusing to allow him to keep more than one religious text while in segregation;

> (2) defendant Donovan allegedly violated plaintiff's rights under the establishment clause and the equal protection clause by refusing to provide him with a copy of the Qur'an while providing Bibles to Christian prisoners;

1

and

(3) defendant Swiekatowski allegedly violated plaintiff's rights under RLUIPA by prohibiting him from ordering his own copy of the Qur'an.

Both sides have filed motions for summary judgment.  Dkt. ## 43 and 69.  In their reply brief in support of their summary judgment motion, defendants argue for the first time that plaintiff's claim regarding the limitation on religious texts is moot because he is now in a prison that allows him to keep additional religious texts and because the Department of Corrections has implemented a new policy that will allow all Wisconsin prisoners in segregation to keep four religious texts at one time and to exchange those books at least once every 30 days.  Dkt. #94.  Accompanying defendants' brief is a motion to supplement their proposed findings of fact to address the new policy.  Dkt. #88.

Generally, this court does not consider new arguments made in a reply brief. However, defendants represent that the new policy was adopted after they filed their opening materials.  Further, because mootness is a jurisdictional question, St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 626 (7th Cir. 2007), I cannot simply disregard it.  Accordingly, I will grant defendants' motion to supplement their proposed findings of fact and give plaintiff an opportunity to respond.

ORDER

IT IS ORDERED that defendants' motion to supplement their proposed findings of fact, dkt. #88, is GRANTED.  Plaintiff may have until December 28, 2009, to file a response to defendants' supplemental facts and submit a brief addressing the mootness question raised by defendants in their reply brief.  The clerk of court is directed to update plaintiff's address on the docket sheet to show that he is now at the Columbia Correctional Institution.

Entered this 14th day of December, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

3