IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER GOODVINE,

                Plaintiff,

v.

MICHAEL DONOVAN,

                Defendant.

ORDER

08-cv-702-bbc

---

Defendant Michael Donovan has filed a motion under Fed. R. Civ. P. 30(a)(2)(B) for leave to depose plaintiff and two of his witnesses (Shareef Williams and Fradario Brim), all of whom are confined in prison.  *See* dkt. 103.  Defendant offers to make arrangements so that plaintiff may appear at the depositions of the other witnesses by telephone.  Plaintiff does not object to the depositions or to the manner that defendant requests to conduct them, so I will grant the motion.

However, plaintiff has filed his own motion in which he requests that several conditions be placed on the depositions:

    (1) provide plaintiff the date of the depositions;

    (2) allow plaintiff to confer with his witnesses before they are deposed;

    (3) provide plaintiff with copies of any exhibits that defendant intends to use during any of the three depositions.

*See* dkt. 104.

The first and third of these requests are required by Rule 30, so defendant would have no reason to object.  Under most circumstances, the second request would be unnecessary because a party's lawyer does not need permission from the court to speak to his client's own witness. However, in this case, plaintiff is acting as his own lawyer and his ability to confer with anyone is limited by his incarceration.  Thus, plaintiff needs special permission to do  what any represented party would do as a matter of course.

Plaintiff does not have an absolute right to confer with his witnesses. Rather, in deciding an incarcerated person's requests related to the prosecution of a civil case, a court must balance the importance of the prisoner's request in preparing his claim against "the costs and inconvenience" to prison officials and the "potential danger or security risk" posed by the request. *Stone v. Morris*, 546 F.2d 730 (7th Cir. 1976).

In this case, the "costs and inconvenience" of allowing plaintiff to confer with his witnesses in person before their depositions could be substantial because each of them is incarcerated at a different prison. However, it is unlikely that allowing plaintiff to speak with the two witnesses for a short time over the telephone would create a substantial burden or a security risk. Because defendant has already offered to make plaintiff available for the depositions by telephone, it should create little additional administrative inconvenience to allow plaintiff to speak confidentially with each witness for 15 minutes before the deposition begins.

In his motion, plaintiff includes an unrelated request for photocopies of a number of documents that he filed earlier in the proceedings. Plaintiff says that his "only copies of these materials were sent to the court as he is indigent and unable to copy them."

I am denying this motion for several reasons. First, in the screening order, Judge Crabb instructed plaintiff to "keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of their documents." *Goodvine v. Swiekatowski*, 594 F. Supp. 2d 1049, 1061 (W.D. Wis. 2009). Plaintiff did not inform the court until now that he had disregarded that instruction and he includes no explanation for failing to make copies through the prison legal loan program, Wis. Admin. Code § DOC 309.51, or to prepare handwritten copies for himself or the court.

Second, plaintiff has failed to explain why he needs these documents. He says only that they are "necessary for the prosecution of his case." To the extent he was concerned about defendant's use of these documents during the depositions, that concern is alleviated because I am requiring defendant to provide plaintiff with any documents being using in conjunction with the depositions.

Finally, plaintiff has failed to identify with any specificity the documents he is requesting. He simply provides a number of general descriptions without identifying the docket or exhibit numbers.

I am enclosing a docket sheet with this order. If plaintiff believes that he needs a copy of any document on the docket sheet, he should write a letter to the clerk of court, identifying exactly what he needs. The price of photocopies for indigent litigants is 10¢ a page.

ORDER

It is ORDERED that:

(1) Defendant Michael Donovan's motion to take the depositions of plaintiff Christopher Goodvine and witnesses Shareef Williams and Fradario Brim, dkt. 103, is GRANTED. Defendant shall make arrangements so that plaintiff may appear by telephone.

(2) Plaintiff's motion related to the conditions of the depositions, dkt. 104, is GRANTED. At least 48 hours before each deposition, defendant shall give plaintiff notice of the time of the deposition and provide plaintiff with copies of any exhibit that may be used at the deposition. Before the depositions of Williams and Brim begin, plaintiff shall be allowed to confer with them confidentially for at least 15 minutes over the telephone.

(3) Plaintiff's motion for photocopies, dkt. 104, is DENIED.

Entered this 27th day of January, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge