IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER GOODVINE,

                    Plaintiff,                          ORDER

           v.                                    08-cv-702-bbc

MICHAEL DONOVAN,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Trial is scheduled for March 15, 2010, in this prisoner civil rights case in which plaintiff Christopher Goodvine contends that defendant Michael Donovan (the prison chaplain) discriminated against plaintiff on the basis of religion by refusing to provide him with a Qur'an while providing Bibles to Christian prisoners.  Two matters are before the court.

First, the parties have waived their rights to a jury and have stipulated to a court trial. Dkt. ##117 and 119.  The parties should do their best to comply with the requirements in this court's "Order in Non-Jury Cases," which was provided with the preliminary pretrial conference order and is attached to this order as well.  (I have changed the order to reflect

that it is the responsibility of counsel for defendant to prepare the pretrial statement.)  To avoid any confusion, the parties are instructed to abide by the deadlines in the January 13, 2010 trial preparation order, dkt. #101, with the exception that they need not submit proposed voir dire or jury instructions.

Also before the court is defendant's petition for a writ of habeas corpus ad testificandum for prisoner James D. Williams, a prisoner at the Green Bay Correctional Institution.  Defendant represents that Williams has personal knowledge of facts relevant to this lawsuit, including the books available in the chapel library and the process through which a prisoner may obtain those books.  Accordingly, I will grant defendant's petition.


ORDER

IT IS ORDERED that

1.  In accordance with the stipulation of the parties, the trial in this case will be to the court on March 15, 2010.

2.  Defendant Michael Donovan's petition for a writ of habeas corpus ad testificandum for James D. Williams (#33543), dkt. #114, is GRANTED.  The Clerk of Court is directed to issue a writ of habeas corpus ad testificandum for the attendance of Williams at trial beginning on March 15, 2010.  Williams should arrive at the courthouse

no later than 8:00 a.m.

Entered this 23rd day of February, 2010.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

3

## ORDER IN NON-JURY CASES
## ASSIGNED TO JUDGE CRABB

Counsel are hereby directed to observe the following requirements in preparing for the trial to the court in this case:

1.  No later than <u>TWO WEEKS</u> IN ADVANCE OF THE TRIAL counsel are to confer for the following purposes:

> A.   To enter into comprehensive written stipulations of all uncontested facts in such form that they can be offered at trial as the first evidence presented by the party desiring to offer them.  If there is a challenge to the admissibility of some uncontested facts that one party wishes included, the party objecting and the grounds for objection must be stated.

> B.  To make any deletions from their previously-exchanged lists of potential trial witnesses.

> C.  To enter into written stipulations setting forth the qualifications of expert witnesses.

> D.  To examine, mark, and list all exhibits that any party intends to offer at trial.

> E.   To agree as to the authenticity and admissibility of such exhibits so far as possible and note the grounds for objection to any not agreed upon.

> F.  To agree so far as possible on the contested issues of law.

4

       G.   To examine and prepare a list of all depositions and portions of depositions to be read into evidence and agree as to those portions to be read.  If any party objects to the admissibility of any portion, the name of the party objecting and the grounds shall be set forth.

       H.  To explore the prospects of settlement.

It shall be the responsibility of defendant's counsel to convene the conference between counsel and, following that conference, to prepare the Pretrial Statement described in the next paragraph.

    2.  No later than <u>ONE WEEK</u> PRIOR TO THE TRIAL, <u>defendant's counsel</u> shall submit a Pretrial Statement containing the following:

       A.   The parties' comprehensive written stipulations of all uncontested facts.

       B.  The probable length of trial.

       C.  The names of all prospective witnesses.  Only witnesses so listed will be permitted to testify at the trial except for good cause shown.

       D.  The parties' written stipulation setting forth the qualifications of all expert witnesses.

       E.  Schedules of all exhibits that will be offered in evidence at the trial, together with an indication of those agreed to be admissible and a summary statement of the grounds for objection to any not agreed upon.  Only exhibits so listed shall be offered in evidence at the trial except for good

5

cause shown.

F.  An agreed statement of the contested issues of
law supplemented by a separate statement by
each counsel of those issues of law not agreed to
by all parties.

G.  A list of all depositions and portions of
depositions to be offered in evidence, together
with an indication of those agreed to be
admissible and summary statements of the
grounds for objections to any not so agreed upon.
If only portions of a deposition are to be offered,
counsel should mark the deposition itself with
colored markers identifying the portions each
party will rely upon.

3.  No later than <u>ONE WEEK</u> PRIOR TO TRIAL, each counsel shall file with the
court and serve upon opposing counsel a statement of all the facts that counsel will request
the court to find at the conclusion of the trial.  In preparing these statements, counsel should
have in mind those findings that will support a judgment in their client's favor.  The
proposed findings should be complete.  They should be organized in the manner in which
counsel desire them to be entered.  They should include stipulated facts, as well as facts not
stipulated to but which counsel expect to be supported by the record at the conclusion of the
trial.  Those facts that are stipulated to shall be so marked.

4.  Along with the proposed findings of fact required by paragraph 3 of this order,
each counsel shall also file and serve a proposed form of special verdict, as if the case were

6

to be tried to a jury.

5.  Before the start of trial, each counsel shall submit to the court a complete set of counsel's pre-marked trial exhibits to be used by the judge as working copies at trial.

6.  If counsel wish to submit trial briefs, they are to do so no later than THREE WORKING DAYS PRIOR TO TRIAL.  Copies of briefs must be provided to opposing counsel.

Final pretrial submissions are to be filed as stated above with no exceptions.  Failure to file or repeated and flagrant violations may result in the loss of membership in the bar of this court.

Entered this 27th day of October, 2006.

BY THE COURT:

BARBARA B. CRABB
District Judge

7